United States District Court
Southern District of Texas
**ENTERED**
December 22, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RAMIRO RAMIREZ, | § | |
| TDCJ #1427233, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-15-0047 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Ramiro Ramirez (TDCJ #1427233), is currently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ").  Ramirez has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging an adverse decision denying him release on the form of parole known as mandatory supervision.  The respondent has filed a motion for summary judgment, arguing that Ramirez is not entitled to relief [Doc. # 5].  Ramirez has not filed a reply and his time to do so has expired.  After reviewing all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

## I.    **BACKGROUND**

On March 19, 2007, Ramirez entered a guilty plea to charges of intoxication manslaughter in Goliad County cause number 07-2-4318-CR.[1]  On that same day, the 24th Judicial District Court for Goliad County found Ramirez guilty and sentenced him to a 15-year term of imprisonment.[2]  Ramirez did not pursue an appeal.

Ramirez does not challenge his underlying conviction here.  Instead, he challenges an adverse decision by the Texas Board of Pardons and Paroles (the "Parole Board") to deny him early release from prison on discretionary mandatory supervision, which is a form of parole.  Mandatory supervision is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5).  An inmate's release to mandatory supervision may be required when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a). An inmate may not be released to mandatory supervision if he been convicted of an offense enumerated in Texas Government Code § 508.149(a) or if the Parole Board determines in its discretion that:  "(1) the inmate's accrued good conduct time is not

---

[1]    Judgment of Conviction by Court - Waiver of Jury Trial, Doc. # 4-2, at 24.

[2]    *Id.*

an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public." *Id.* at § 508.149(b).

On April 7, 2014, Ramirez received written notice from the Parole Board that he was eligible for discretionary mandatory supervision under § 508.149(b) of the Texas Government Code.[3]  The notice advised Ramirez that the Parole Board would review his file along with all available records to determine if he would be released and instructed Ramirez to submit any additional information he wanted them to consider within thirty days.[4]  On July 3, 2014, the Parole Board issued a written decision denying Ramirez release on mandatory supervision.[5]  In that decision, Ramirez was advised that his release on mandatory supervision was denied because, using the same language found in § 508.149(b), the record indicated that his accrued good conduct time was "not an accurate reflection of [his] potential for rehabilitation" and that his release "would endanger the public."[6]

---

[3]     Notice of Initial Discretionary Mandatory Review, Doc. # 5-2, at 4.

[4]     *Id.*

[5]     Notice of Parole Panel Decision (Not to Grant Mandatory Supervision), Doc. # 4-2, at 27.

[6]     *Id.*

On July 16, 2014, Ramirez filed an application for a state writ of habeas corpus to challenge the adverse decision by the Parole Board.[7]  In that application Ramirez argued primarily that the Parole Board's decision violated his right to due process by failing to make "specific findings" or to give sufficient notice of the reason he was being denied release on mandatory supervision.[8]  On January 7, 2015, the Texas Court of Criminal Appeals denied that application without a written order.[9]

In his pending federal habeas corpus petition, Ramirez contends that he is entitled to relief under 28 U.S.C. 2254 and immediate release on mandatory supervision for essentially the same reason that he raised in state court.  In particular, Ramirez contends that the Parole Board failed to make specific findings when it denied him release on mandatory supervision.[10]  The respondent argues that the petition must be dismissed because Ramirez is not entitled to relief under the governing federal habeas corpus standard of review.

## II.   <u>STANDARD OF REVIEW</u>

The claim asserted by Ramirez was raised and rejected on state habeas corpus review.  For claims adjudicated on the merits in state courts, a petitioner must

---

[7]     Application for a Writ of Habeas Corpus, Doc. # 4-2, at 6-16.

[8]     *Id.* at 11.

[9]     Action Taken on Writ No. 82,535-01, Doc. # 4-1, at 1.

[10]    Petition, Doc. # 1, at 6.

4

demonstrate that the state court's decision to deny a claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 U.S.C. § 2254(d)(1). This deferential standard "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state court proceedings." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

A state court's decision is contrary to clearly established federal law only if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000).  A state court unreasonably applies clearly established precedent only if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *See Brown v. Payton*, 544 U.S. 133, 141 (2005).  An unreasonable application is more than merely incorrect or erroneous; rather, the state court's application of clearly established law must be "objectively unreasonable." *Williams*, 529 U.S. at 409.

This deferential standard of review applies even where the state court fails to cite applicable Supreme Court precedent or fails to explain its decision.  *See Early v. Packer*, 537 U.S. 3, 7 (2002); *see also Richter*, 562 U.S. at 100 (confirming that "§ 2254(d) does not require a state court to give reasons before its decision can be

deemed to have been 'adjudicated on the merits'"). Thus, a federal habeas corpus court's inquiry is not altered where, as here, the state court denies relief without a written opinion. *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).

## III.   DISCUSSION

As noted above, Ramirez contends that the Parole Board failed to make specific findings to explain its decision to deny him release on mandatory supervision. As a general rule, the Due Process Clause does not include a right to conditional release on parole before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (holding that Texas inmates "have no protected liberty interest in parole"). Both the Fifth Circuit and the Texas courts have held that certain eligible inmates have a limited, constitutionally protected liberty interest in release pursuant to the Texas mandatory supervision scheme imposed after September 1, 1996. *See Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007); *Ex parte Geiken*, 28 S.W.3d 553, 559 (Tex. Crim. App. 2003). To comply with due process where mandatory supervision is concerned, a Texas inmate is entitled to "notice" of upcoming review and "a meaningful opportunity to be heard." *Geiken*, 28 S.W.3d at 560 (citing *LaChance v. Erickson*, 522 U.S. 262, 266 (1998)). If release is denied, the

inmate also must be "informed in what respect he falls short of qualifying for early release." *Id.* (quoting *Greenholtz*, 442 U.S. at 16).

Ramirez does not dispute that he received adequate advance notice of review for mandatory supervision and an opportunity to be heard.  He also received a written decision denying him release on mandatory supervision, advising him of the reasons he was not eligible for conditional release under Texas Government Code § 508.149(b).  Indeed, a review of the Parole Board's written decision reflects that the Parole Board followed § 508.149(b) to the letter, advising Ramirez that his release on mandatory supervision was denied because the record indicated that his accrued good conduct time was "not an accurate reflection of [his] potential for rehabilitation" and that his release "would endanger the public."[11]

Although Ramirez would prefer to have a more detailed explanation, he fails to show that the Parole Board's written decision fell below what is constitutionally required.  In that regard, the Supreme Court has held that parole officials are not required to make specific findings when denying a prisoner conditional release.  *See Greenholtz*, 442 U.S. at 15 ("We find nothing in the due process concepts as they have thus far evolved that requires the Parole Board to specify the particular 'evidence' in the inmate's file or at his interview on which it rests the discretionary determination

---

[11]     Notice of Parole Panel Decision (Not to Grant Mandatory Supervision), Doc. # 4-2, at 27.

that an inmate is not ready for conditional release."). Likewise, the Fifth Circuit has held that a written decision which follows § 508.149(b) comports with the requirements of due process. *See Boss v. Quarterman*, 552 F.3d 425, 428-29 (5th Cir. 2008) (following *Greenholtz* and holding that specific findings based on "some evidence" are not required).

Based on this record, Ramirez does not show that he was denied release on mandatory supervision without due process or that the state court's decision was objectively unreasonable for purposes of 28 U.S.C. § 2254(d)(1). Because Ramirez has failed to show that he is entitled to relief, the Court will grant the respondent's motion for summary judgment and dismiss this case.

## IV.    CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show

"that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong.  Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.     **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.     The respondent's motion for summary judgment [Doc. # 5] is **GRANTED**.

2.      The federal habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

3.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____December 22nd_____, 2015.


                                     NANCY F. ATLAS
                         SENIOR UNITED STATES DISTRICT JUDGE

10